UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LOMACK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>E. BEAM, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-02943-EMC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Docket No. 1 |

## I.　INTRODUCTION

Kenneth Lomack, a prisoner at the Salinas Valley State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## II.　BACKGROUND

Mr. Lomack alleges the following: He complained to correctional officer (C/O) Waterman and C/O Smith on an unstated date that he was in fear "for his life in that Plaintiff was living with a life term inmate who was manipulative and instilling fear in Plaintiff." Docket No. 1 at 3. Mr. Lomack told psychologist J. Salvidav the same information and that the circumstances were making him depressed. *Id.* at 3-4. Mr. Lomack submitted a CDCR-22 form on January 2, 2018, informing sergeant Beam that Lomack and his cellmate "were not getting along and that he (Plaintiff) needed to be moved to another cell A.S.A.P." *Id.* at 4. Sergeant Beam refused to separate the cellmates. On January 26, 2018, Mr. Lomack was knocked unconscious by his cellmate and sustained injuries that warranted Mr. Lomack being taken to an off-site hospital. *Id.*

### III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The Eighth Amendment's Cruel and Unusual Punishments Clause requires that prison officials take reasonable measures to protect prisoners from violence at the hands of other prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Id.* at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837. Liberally construed, the complaint states a cognizable claim against C/O Smith, C/O Waterman, and correctional sergeant Beam for deliberate indifference to Mr. Lomack's safety.

The complaint is deficient, however, in two respects. The first problem concerns psychologist Salvidav. Mr. Lomack alleges that he told psychologist Salvidav that he feared his cellmate, but does not allege whether Salvidav failed to do anything in response to his statements. The allegation in the complaint does not state a claim because Eighth Amendment liability would be based on what the defendant does or fails to do once informed of a safety issue, not simply that

the defendant was informed of a safety issue. Mr. Lomack also does not list psychologist Salvidav as a defendant in his complaint. The Court assumes psychologist Salvidav is not an intended defendant in this case. If Mr. Lomack seeks to state a claim against psychologist Salvidav, he must amend the complaint and include him/her on the list of defendants and allege what the psychologist did or failed to do that shows deliberate indifference to Mr. Lomack's safety. The Court grants leave to amend if Mr. Lomack so seeks.

The other problem with the complaint is that there are three defendants listed as to whom there are no allegations. C/O Ceveda, C/O Lucio, and C/O Gutierrez are listed as defendants, but are not mentioned in the description of Mr. Lomack's claim. Leave to amend is granted so that Mr. Lomack may attempt to state a claim against one or more of these three defendants. Any defendant as to whom a claim is not alleged in the amended complaint will be dismissed.

## IV. CONCLUSION

The complaint fails to state a claim against defendants Ceveda, Lucio, and Gutierrez, or against Salvidav. Leave to amend is granted so that Plaintiff may attempt to allege claim(s) against these persons in an amended complaint. He also must repeat his claims against defendants Waterman, Smith and Beam in his amended complaint because the amended complaint must be a complete statement of all of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled."). The amended complaint must be filed no later than **October 31, 2019**, and must include

///
///
///
///
///
///
///

3

the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Failure to file the amended complaint by the deadline will result in the dismissal of defendants against whom a claim is not stated.

**IT IS SO ORDERED**.

Dated: September 20, 2019

_____
EDWARD M. CHEN
United States District Judge