UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LOMACK,<br>　　Plaintiff,<br>　v.<br>E. BEAM, et al.,<br>　　Defendants. | Case No. 19-cv-02943-EMC<br><br>**SERVICE ORDER**<br>Docket No. 1 |

On September 20, 2019, the Court reviewed the complaint in this action and determined that, liberally construed, the complaint stated a cognizable claim against C/O Smith, C/O Waterman, and correctional sergeant Beam for deliberate indifference to plaintiff's safety. Docket No. 10 at 2. The Court also determined that the complaint did not state a claim against psychologist Salvidav, C/O Seveda, C/O Lucio, and C/O Gutierrez, and granted Plaintiff leave to file an amended complaint no later than October 31, 2019 to try to state a claim against these Defendants. *Id.* at 2-3. The Court also explained that "[f]ailure to file the amended complaint by the deadline will result in the dismissal of defendants against whom a claim is not stated." *Id.* at 4. Plaintiff did not file an amended complaint and the deadline by which to do so has passed. It therefore is now time to move forward with the one claim that was stated.

Accordingly,

1. The complaint, liberally construed, states a cognizable § 1983 claim against C/O Smith, C/O Waterman, and correctional sergeant Beam for deliberate indifference to Plaintiff's safety. All other claims and Defendants are dismissed.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the

case file upon the following persons who work at Salinas Valley State Prison:

- ISU correctional officer T. Smith
- ISU correctional officer W. Waterman
- correctional sergeant E. Beam

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **February 14, 2020**, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. If Defendants file a motion for summary judgment, Defendants must provide to Plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than **March 13, 2020**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c. If Defendants wish to file a reply brief, the reply brief must be filed and served no later than **March 27, 2020**.

4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do

2

> not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If Defendants file a motion for summary judgment for failure to exhaust administrative remedies, they are seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, Plaintiff's case will be dismissed and there will be no trial.

5. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to the defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to the party.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED**.

Dated: December 10, 2019

_____
EDWARD M. CHEN
United States District Judge